IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHEN B. TURNER,

    Plaintiff,

  v.

DUSTIN TIERNEY,

    Defendant.

No. C 12-6231 MMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTIONS TO STRIKE; DENYING DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS**

    Before the Court is defendant Dustin Tierney's motion, filed January 23, 2013, to dismiss plaintiff Stephen B. Turner's complaint. Plaintiff has filed opposition, to which defendant has replied.[1] Also before the Court is defendant's motion to revoke plaintiff's in forma pauperis status, filed January 22, 2013. Plaintiff has filed opposition,[2] to which defendant has replied. Having read and considered the papers filed in support of and in

---

[1] On February 4, 2013, plaintiff filed, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a motion to strike a declaration submitted by defendant and the exhibits thereto and a motion to strike defendant's request for judicial notice and the exhibits thereto. See Fed. R. Civ. P. 12(f) (providing "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"). Rule 12(f), however, applies only to a "pleading," and the documents challenged by plaintiff are not pleadings. See Fed. R. Civ. P. 7(a) (listing "pleadings" as complaints, answers, and replies to answers). To the extent said motions may be construed as objections, the Court need not address the matters further, as the Court has not relied on any of the challenged documents in ruling herein.

[2] In response to defendant's motion, plaintiff filed a "Motion to Strike Defendant's Motion to Revoke Plaintiff's In Forma Pauperis Status," which the Court construes as plaintiff's opposition. (See Doc. No. 21.)

opposition to the motions, the Court rules as follows.[3]

## BACKGROUND

Plaintiff's claims arise from events occurring on December 14, 2010, at which time plaintiff was a prisoner incarcerated at San Quentin State Prison. (See Compl. ¶ 10.)[4] Plaintiff alleges that on said date, plaintiff was standing next to the kitchen door in the prison's dining hall, waiting for his kosher dinner (see Compl. ¶ 10), and that defendant, a correctional officer at the prison (see Compl. ¶ 6), approached plaintiff and asked him what he was doing (see Compl. ¶ 10). According to the complaint, plaintiff informed defendant he was waiting for his dinner, and that "[s]uddenly, [defendant] yelled, 'Fuck that' in a very loud voice" and "walked into the kitchen where he loudly blurted out, 'There's a Jew out there who is waiting for his kosher dinner.'" (See Compl. ¶ 10.) Plaintiff further alleges that defendant then "intentionally and violently slammed the kitchen door into [plaintiff] . . . hitting [plaintiff's] foot," which caused plaintiff pain, and that approximately fifteen minutes later, as plaintiff left the dining hall, defendant "yelled at [plaintiff], 'He used to be a doctor. He's a Jew.'" (See Compl. ¶ 10.) Plaintiff alleges the incident "caused [him] serious anxiety and long-term emotional distress" and that he experienced pain and bruising in his great toe "for a couple of days afterward." (See Compl. ¶ 12.)

Plaintiff filed the instant complaint on December 7, 2012, asserting the following six causes of action: (1) "Intentional Violation of the Eighth Amendment to the U.S. Constitution Prohibiting Cruel and Unusual Punishment"; (2) "Reckless Misconduct and/or Deliberate Indifference in Violation of Substantive Due Process as Guaranteed under the Fifth and Fourteenth Amendments to the U.S. Constitution"; (3) "Assault"; (4) "Battery"; (5) "Intentional Infliction of Emotional Distress"; and (6) "Violation of the Hate Crimes Act

---

[3] By order filed February 27, 2013, the Court deemed the matters appropriate for decision on the parties' respective written submissions and vacated the hearing scheduled for March 8, 2013.

[4] At the time plaintiff filed his complaint, he was no longer in prison. (See Compl. ¶ 5.)

Pursuant to 18 U.S.C. § 279." (See Compl. ¶¶ 15-49.)

On the same date, plaintiff filed a motion for leave to proceed in forma pauperis ("IFP"), stating he was unemployed, received General Assistance and food stamps from the state, lived in a shelter, and had $1840 in a bank account. (See Doc. No. 3 ¶¶ 1-2, 7-8.) Plaintiff further stated he owed $1700 in restitution. (See id. ¶ 9.) On December 21, 2012, the Court granted plaintiff's motion. Defendant thereafter informed the Court that plaintiff had received, in October 2012, a $5000 settlement for a claim filed in the Alameda County Superior Court (see Mossler Decl. Ex. A), which settlement plaintiff had not disclosed to the Court.[5] Plaintiff states he used the settlement award to partially repay his son for a $20,000 loan his son had made to him, that his son supports plaintiff's daughter and ex-wife (see Opp'n, Doc. No. 18, at 9 ¶¶ 4-7), and that his repayment to his son should be considered "a form of family support" (see id. ¶5). Plaintiff further states his bank account now contains less than $1000. (See id. ¶ 7.)

## DISCUSSION

**A. Motion to Dismiss**

At the outset, defendant argues all of plaintiff's claims are subject to dismissal for the reason that plaintiff failed to exhaust his administrative remedies. In his opposition, plaintiff points out that he filed the instant action after being released from prison, and, consequently, that the exhaustion requirement does not apply to him. See Talamantes v. Leyva, 575 F.3d 1021, 1024 (9th Cir. 2009) (holding "only those individuals who are prisoners . . . at the time they file suit must comply with the exhaustion requirements"). In his reply, defendant does not dispute the timing of plaintiff's release or otherwise address the issue of exhaustion. Accordingly, the Court next turns to defendant's arguments in support of dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory

---

[5] As discussed infra, the IFP application form used by plaintiff did not call for such disclosure.

3

or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

**1. First Cause of Action ("Intentional Violation of the Eighth Amendment to the U.S. Constitution Prohibiting Cruel and Unusual Punishment")**

Defendant argues plaintiff's First Cause of Action is subject to dismissal for the asserted reason that plaintiff is at fault for his injury because he was standing "too close to the door" (see Mot. at 6:20) or that, at most, defendant was negligent, which negligence, defendant asserts, is insufficient to state a claim under the Eighth Amendment. As noted above, plaintiff not only alleges defendant acted "intentionally," but also describes defendant's actions as "violent[ ]" and attributes to defendant derogatory remarks from which an inference of intent reasonably can be drawn. (See Compl. ¶ 10.) Such allegations are sufficient to state a claim under the Eighth Amendment. See Whitley v.

4

1  Albers, 475 U.S. 312, 319 (1986) (holding "unnecessary and wanton infliction of pain
2  constitutes cruel and unusual punishment forbidden by the Eighth Amendment") (internal
3  quotation, citation and alteration omitted); Pelfrey v. Chambers, 43 F.3d 1034, 1035, 1037
4  (1995) (holding isolated and unauthorized use of force by guard on inmate constitutes
5  "punishment" within Eighth Amendment).  Plaintiff's location at the time of the incident and
6  defendant's asserted lack of intent are matters going to the strength of plaintiff's case, not
7  to whether he has adequately pled his claim.[6]

8  Accordingly, the First Cause of Action is not subject to dismissal.

**2. Second Cause of Action ("Reckless Misconduct and/or Deliberate Indifference in Violation of Substantive Due Process as Guaranteed under the Fifth and Fourteenth Amendments to the Constitution")**

11  Defendant argues the Second Cause of Action is subject to dismissal for the
12  asserted reason that the complaint "does not raise any issues of substantive due process
13  or deliberate indifference, and neither the Fifth nor the Fourteenth Amendment proscribe
14  'reckless misconduct.'"  (See Mot., Doc. No. 15 at 7:10-12.)  Plaintiff's Second Cause of
15  Action is based on the same conduct on which plaintiff's First Cause of Action is based.
16  (See Compl. ¶¶ 20-25.)[7]  Where an amendment "provides an explicit textual source of
17  constitutional protection . . . against physically intrusive governmental conduct," it is "that
18  [a]mendment, not the more generalized notion of 'substantive due process,' [that] must be
19  the guide for analyzing [the] claim."  See Graham v. Connor, 490 U.S. 386, 395 & n.10
20  (1989).  Because the assault alleged here occurred while plaintiff was in prison, the Eighth

---

[6] Additionally, defendant argues he is entitled to qualified immunity "because his conduct did not violate a clearly established statutory or constitutional right."  (See Mot., Doc. No. 15, at 11:9-10.)  As discussed above, however, plaintiff's complaint states a cause of action for a well-established violation of the Eighth Amendment, and, consequently, defendant is not entitled to qualified immunity as to such claim.

[7] In a section titled "Factual Allegations Background," plaintiff's sets forth facts relating to an incident that occurred "sometime around 2006-2007."  (See Compl. ¶¶ 7-9.)  In his motion to dismiss, defendant argues that to the extent plaintiff's Second Cause of Action is based on such incident, the claim is barred by the statute of limitations.  (See Mot., Doc. No. 15, at 7:14-15.)  In his opposition, plaintiff makes clear the Second Cause of Action is based solely on the above-described incident.  (See Opp'n, Doc. No. 28, at 17:7-8.)

Amendment provides the source of constitutional protection. See Whitley v. Albers, 475 U.S. 312, 327 (1986) (holding Eighth Amendment "serves as the primary source of substantive protection to convicted prisoners in cases . . . where the deliberate use of force is challenged as excessive and unjustified"); see also Graham, 490 U.S. at 395 n.10 (1989) (holding "protection that 'substantive due process' affords convicted prisoners against excessive force is . . . redundant of that provided by the Eighth Amendment").

Accordingly, plaintiff's Second Cause of Action is subject to dismissal without leave to amend.

### 3. Third Cause of Action ("Assault"), Fourth Cause of Action ("Battery"), and Fifth Cause of Action ("Intentional Infliction of Emotional Distress")

Defendant argues plaintiff's Third through Fifth Causes of Action are subject to dismissal for the reason that said causes of action constitute state law claims and plaintiff has failed to comply with the California Tort Claims Act. See Cal. Gov't Code § 810 et seq.[8] The California Tort Claims Act provides that "all claims for money or damages against . . . public employees acting within the scope of that employee's public employment must be presented to the employer." See Creighton v. City of Livingston, 628 F. Supp. 2d 1199, 1224 (E.D. Cal. 2009) (internal quotation and citation omitted). Compliance with the claim presentation requirement must be pled in the complaint. See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239 (2004) (holding "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement [of the California Tort Claims Act] subjects a claim . . . to a demurrer for failure to state a cause of action"). Although plaintiff asserts in his opposition that he has complied with the claim presentation requirement, such compliance is not alleged in his complaint.

---

[8] As to the Third and Fourth Causes of Action, defendant also argues such claims fail because, according to defendant, plaintiff fails to plead facts sufficient to demonstrate intentional misconduct. As discussed above, the Court disagrees. As to the Fifth Cause of Action, defendant also argues the conduct described does not qualify as "outrageous." See Ragland v. U.S. Bank NAt. Assn., 209 Cal. App. 4th 182, 204 (2012) (setting forth elements of cause of action for intentional infliction of emotional distress). The Court finds defendant's additional argument goes more to the weight of plaintiff's claim than its sufficiency.

6

Accordingly, plaintiff's Third through Fifth Causes of Action are subject to dismissal with leave to amend.

### 4. Sixth Cause of Action ("Violation of the Hate Crimes Act Pursuant to 18 U.S.C. § 279")

Defendant argues plaintiff's Sixth Cause of Action is subject to dismissal for the reason that the Hate Crimes Act, 18 U.S.C. § 249, does not create a private right of action. Although no federal appellate court has addressed the issue, see Lu-in Wang, Hate Crimes L. § 3:2 (2012), the district courts that have done so have held the Hate Crimes Act, as a criminal statute, creates no private right of action. See Loos v. Oregon Dept. of Corr., 2012 WL 385385 (D. Or. 2012); Chicago Title & Land Trust Co. v. Rabin, 2012 WL 266387 (N.D. Ill. 2012); Godfrey v. Ross, 2011 WL 6012607 (E.D. Cal. 2011); Benitez v. Rumage, 2011 WL 3236199 (S.D. Tex. 2011); Wolfe v. Beard, 2011 WL 601632, *3 (E.D. Pa. 2011); Lorenz v. Managing Director, St. Luke's Hosp., 2010 WL 4922267 (S.D. N.Y. 2010), report and recommendation adopted, 2010 WL 4922541 (S.D. N.Y. 2010). The Court is persuaded by the reasoning set forth in those decisions.

Accordingly, the Sixth Cause of Action is subject to dismissal without leave to amend.

## B. Motion to Revoke In Forma Pauper Status

Defendant argues the Court should revoke plaintiff's IFP status for the reason that plaintiff chose to use his settlement award to repay his son rather than to pay his filing fee and related costs.[9] In determining the ability of a plaintiff to pay a filing fee or partial filing fee, "the court may consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials." See Alexander v. Carson Adult High Sch., 9 F.3d 1448, 1449 (9th Cir. 1993).

---

[9] Defendant further asserts plaintiff has filed seven civil actions in addition to the instant lawsuit and that plaintiff did not disclose the settlement award in any fee-waiver applications he filed in those cases. The Court notes, however, that several of such actions are not new cases but, rather, matters filed in the courts of appeals. (See Mot., Doc. 13, at 3:10; Reply, Doc. 24 at 2:10, 2:16.) Moreover, defendant does not assert plaintiff intentionally misrepresented his financial condition in any of those applications.

     Here, the Court notes at the outset that there is no indication plaintiff willfully withheld information relating to his settlement award. Although the form plaintiff was required to complete to request IFP status inquired about various specified sources of income, none of those inquiries encompassed the award at issue. (See Doc. No. 3 ¶¶ 1-2.) Further, although the Court has discretion to consider plaintiff's economic choices in determining whether plaintiff is entitled to IFP status, the circumstances here are distinguishable from those presented in the case on which defendant relies. See Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995) (holding district court entitled to consider plaintiff's "economic choices about how to spend his money, as between his filing fee and comforts purchased in the prison commissary"; finding district court did not abuse discretion in dismissing case, where plaintiff failed to pay partial filing fee after spending his money on "name brand toiletries instead of the generic toiletries furnished by the prison, crackers, potato chips, corn chips, cookies, and candy").

     Accordingly, plaintiff's IFP status will not be revoked.

**CONCLUSION**

     1. Defendant's Motion to Dismiss is hereby GRANTED in part and DENIED in part as follows:

          a. To the extent the motion seeks dismissal of the Second through Sixth Causes of Action, the motion is hereby GRANTED, and the Second through Sixth Causes of Action are hereby DISMISSED; as to the Third through Fifth Causes of Action, said dismissal is with leave to amend.

          b. To the extent the motion seeks dismissal of the First Cause of Action, the motion is hereby DENIED.

     2. Defendant's Motion to Revoke Plaintiff's In Forma Pauperis Status is hereby DENIED.

//

3. Plaintiff's amended complaint, if any, shall be filed on or before April 5, 2013.

**IT IS SO ORDERED.**

Dated: March 13, 2013

_____
MAXINE M. CHESNEY
United States District Judge