IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHEN B. TURNER,

    Plaintiff,

v.

DUSTIN TIERNEY,

    Defendant.
_____/

No. C 12-6231 MMC

**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**

    Before the Court is plaintiff Stephen B. Turner's ("Turner") motion, filed April 12, 2013, by which he seeks an order imposing sanctions on defendant Dustin Tierney and his attorney (collectively, "Tierney"). Tierney has filed opposition, to which Turner has replied. Having read and considered the papers submitted in support of and in opposition to the motion, the Court deems the matter suitable for decision thereon and rules as follows.[1]

    On March 13, 2013, the Court granted in part and denied in part Tierney's motion to dismiss Turner's complaint, and afforded Turner an opportunity to file an amended complaint. On, March 22, 2013, Turner filed his First Amended Complaint ("FAC"), in which the factual allegations, with the exception of a newly added allegation that Turner timely filed a claim pursuant to the California Tort Claims Act (see FAC ¶ 16), remain unchanged. On April 5, 2013, Tierney filed a motion to dismiss the FAC, in which Tierney repeats

---

[1] Turner did not notice the motion for hearing.

several arguments addressed by the Court in its prior order.[2]

In his motion, Turner seeks an order sanctioning Tierney for the asserted reason that Tierney, in repeating arguments already presented to the Court, has violated Civil Local Rule 7-9(c)[3] as well as the doctrines of issue preclusion, collateral estoppel, and law of the case.

Turner's motion will be denied. First, Tierney has not violated Civil Local Rule 7-9(c), as Tierney's motion to dismiss the FAC is not a motion for reconsideration of the Court's prior order, but, rather, a new motion addressing a newly filed complaint. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) (holding "an amended pleading supersedes the original"). Nor, by repeating any argument, is Tierney's motion subject to the doctrines of issue preclusion and collateral estoppel, as neither is applicable unless the Court has issued a decision that is "final and on the merits," see Cooper v. Ramos, 704 F.3d 772, 784 (9th Cir. 2012) (internal quotation and citation omitted); dismissal of Turner's complaint with leave to amend is not a final decision on the merits, see Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1065-66 (9th Cir. 2000) (holding "[a] final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment") (internal quotation and citation omitted). Lastly, the law of the case doctrine is not applicable, as such doctrine applies only to rulings made by an appellate court. See United States v. Smith, 389 F.3d 944, 949 (9th Cir. 2004).

---

[2] Specifically, Tierney again contends that Turner has not alleged facts sufficient to show intentional misconduct, to support his claims for assault and for battery, nor alleged facts sufficient to show outrageous conduct, to support his claim for intentional infliction of emotional distress. In its prior order, the Court held Turner had adequately pleaded both intentional misconduct and outrageous conduct. (See Order, filed March 13, 2013, at 6 n.8.)

[3] Civil Local Rule 7-9(c) provides: "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions." See Civil L.R. 7-9(c).

Accordingly, Turner's motion for sanctions is hereby DENIED.

**IT IS SO ORDERED.**

Dated: May 17, 2013

MAXINE M. CHESNEY
United States District Judge