IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHEN B. TURNER,

    Plaintiff,

v.

DUSTIN TIERNEY,

    Defendant.

No. C 12-6231 MMC

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND TO STRIKE**

    Before the Court is defendant Dustin Tierney's ("Tierney") motion, filed April 5, 2013, to dismiss the Second through Fourth Causes of Action in plaintiff Stephen B. Turner's ("Turner") First Amended Complaint ("FAC") and to strike paragraphs 8 through 10 therein. Turner has filed opposition, to which Tierney has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

    1. The Second Cause of Action, alleging assault, and Third Cause of Action, alleging battery, are not subject to dismissal.  Turner now alleges sufficient facts to assert compliance with the claim presentation requirement of the California Tort Claims Act.  (See FAC ¶ 16 (alleging Turner, "[o]n April 19, 2011, filed a claim pursuant to the California Government Tort Claims Act"); State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1243 (2004) (holding "plaintiff must allege facts demonstrating or excusing compliance with the

---

[1] By order filed May 13, 2013, the Court deemed the matters appropriate for decision on the parties' respective written submissions and vacated the hearing scheduled for May 17, 2013.

claim presentation requirement").[2]  Further, as set forth in the Court's prior order, Turner has alleged facts sufficient to show that Tierney acted with the intent to do harm.  (See Order, filed March 13, 2013, at 4:23-5:7 & 6 n.8.)[3]

    2. The Fourth Cause of Action, alleging intentional infliction of emotional distress, is not subject to dismissal.  As discussed above, Turner has adequately alleged compliance with the California Tort Claims Act.  Further, as set forth in the Court's prior order, Turner has alleged facts sufficient to plead outrageous conduct.  (See Order, filed March 13, 2013, at 6 n.8.)

    4. Paragraphs 8 through 10 of the complaint will not be stricken, in that they contain factual allegations relevant to Tierney's state of mind and motive for injuring Turner.  See Fed. R. Civ. Pro. 12(f) (providing "court may strike from a pleading . . . any . . . immaterial . . . matter); Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) rev'd on other grounds, 510 U.S. 517 (1994) (holding "'[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded") (internal quotation and citation omitted).

## CONCLUSION

For the reasons stated above, Tierney's motion to dismiss and to strike is hereby DENIED.

**IT IS SO ORDERED.**

Dated: May 17, 2013

MAXINE M. CHESNEY
United States District Judge

---

[2] Tierney's request that the Court take judicial notice of a declaration from the custodian of records of the Victim Compensation and Government Claims Board ("Board"), stating the Board has no record of having received Turner's claim, is hereby DENIED.  Turner disputes the accuracy of said record, and, consequently, the declaration is not subject to judicial notice.  See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (holding "district court . . . erred by taking judicial notice of disputed matters").

[3] To the extent Tierney argues apprehension of injury is a required element of a claim for assault, Turner has alleged facts from which one can reasonably infer Turner saw the door moving toward him before it hit him.  (See FAC ¶ 11 (alleging Tierney "slammed the door into Turner just barely missing his face, nose, and eyeglasses").

2