IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHEN B. TURNER,

    Plaintiff,

    v.

DUSTIN TIERNEY,

    Defendant.

No. C 12-6231 MMC

**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT'S COUNSEL AND FOR APPOINTMENT OF COUNSEL**

Before the Court is plaintiff Stephen B. Turner's motion to disqualify defendant's counsel and for appointment of counsel, filed April 19, 2013. Defendant has filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision thereon, vacates the hearing set for May 31, 2013, and rules as follows.

**1. Motion to disqualify**

Plaintiff moves to disqualify defendant's counsel for the asserted reason that plaintiff's parole agent "told him that [defendant's counsel] called security/CHP when [plaintiff] was in the [Attorney General]'s office [on April 2, 2013] and wanted [plaintiff] arrested for allegedly harassing staff at the [Attorney General]'s office and making harassing telephone calls." (See Mot. at 3:14-17.) Plaintiff further states his parole agent told him he would no longer be allowed to go to the Attorney General's Office or to telephone defendant's counsel. (See Mot. at 3:22-23.) In opposition, defendant's counsel has submitted a declaration stating she was not in the office on April 2, 2013, "did not attempt to have [plaintiff] arrested, and did not tell his parole agent that he is not permitted

to come to [her] office or call [her] on the telephone." (See Mossler Decl. ¶ 6.)[1] Defendant's counsel further states she has confirmed with plaintiff's parole agent "that [plaintiff] is permitted to come to [her] building to attend to matters related to [their] litigation, and to contact [her] by telephone, by mail, by facsimile, or in person . . . to discuss the case[ ]." (See Mossler Decl. ¶ 7.)

Under certain circumstances, "[t]he important right to counsel of one's choice must yield to ethical considerations that affect the fundamental principles of our judicial process." See People ex rel. Dep't of Corporations v. SpeeDee Oil Change Systems, Inc., 20 Cal. 4th 1135, 1145 (1999); see also In re Cnty. of Los Angeles, 223 F.3d 990, 995 (9th Cir. 2000) (applying California law to motion to disqualify). Here, however, unlike cases in which disqualification has been ordered, defendant's counsel has violated no ethical rule nor engaged in any other misconduct. See, e.g., Securities Investor Protection Corp. v. Vigman, 587 F. Supp. 1358, 1362 (C.D. Cal. 1984) (granting motion to disqualify counsel based on "contravention of the ABA Model Rules"); Cal Pak Delivery, Inc. v. United Parcel Serv., Inc., 52 Cal. App. 4th 1, 11-12 (1997) (affirming order disqualifying class counsel for unethical conduct where counsel offered to dismiss class action in exchange for payment of fees to himself). Consequently, defendant's counsel is not subject to disqualification.

Accordingly, plaintiff's motion for disqualification of defendant's counsel will be denied.

**2. Motion for appointment of counsel**

Pursuant to 28 U.S.C. § 1915(d), a district court may "appoint counsel in civil actions brought in forma pauperis." See United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995). "Appointment of counsel under this section is discretionary, not mandatory." Id. A district court may appoint counsel "only under exceptional

---

[1] Additionally, counsel's supervisor has submitted a declaration in which he confirms counsel's absence from the office on April 2, 2013 and, further, explains how a misunderstanding as to the events of that date might have occurred. (See McCain Decl. ¶¶ 1-10.)

circumstances," and, in evaluating a party's request for such appointment, must consider "the likelihood of success on the merits, and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." See Terrell v. Brewer, 935 F.2d 1015, 1017 (1991) (internal quotation, alteration, and citation omitted).

Here, at this early stage of the litigation, the Court cannot determine the likelihood of plaintiff's prevailing on the merits of his claims. Moreover, plaintiff has been able to articulate the basis of his claims adequately without the assistance of counsel. (See Order filed May 17, 2013 (denying defendant's motion to dismiss).)[2]

Accordingly, plaintiff's motion for appointment of counsel will be denied without prejudice.

**CONCLUSION**

For the reasons stated above, plaintiff's motion to disqualify defendant's counsel is hereby DENIED, and plaintiff's motion for appointment of counsel is hereby DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: May 24, 2013

_____
MAXINE M. CHESNEY
United States District Judge

---

[2] To the extent plaintiff suggests that without appointed counsel he is unable to meaningfully communicate with defendant's counsel due to his parole agent's asserted directive not to go to the Attorney General's Office or to telephone defendant's counsel, the Court is not persuaded. Nothing prevents plaintiff from communicating with opposing counsel by letter and/or e-mail.