IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHEN B. TURNER,

    Plaintiff,

v.

DUSTIN TIERNEY,

    Defendant.

No. C 12-6231 MMC

**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER; DENYING DEFENDANT'S REQUEST FOR EXPENSES**

Before the Court is plaintiff's "Motion for Protective Order . . . Pursuant to F.R.C.P.26(c)," filed July 12, 2013, by which plaintiff seeks an order prohibiting defendant from "assert[ing], insinuat[ing], infer[ring], or in any other way maintain[ing] that [plaintiff] has an extant sex-offense; and to immediately cease and desist from stating that [plaintiff] is a convicted sex offender." (See Mot. at 8:3-6.) Defendant has filed opposition by which, in addition, defendant requests an award of expenses incurred in opposing the motion. No reply has been filed. Having read and considered the papers submitted in support of and in opposition to the motion, the Court hereby rules as follows.[1]

According to plaintiff, he was convicted of two misdemeanor counts of indecent exposure, which, he states, were dismissed pursuant to California Penal Code § 1385 and expunged pursuant to California Penal Code § 1203.4, respectively. (See Mot. at 7, ¶¶ 2-5.) In response, defendant argues dismissed/expunged convictions can nonetheless be

---

[1] By order filed August 12, 2013, the Court deemed the matter suitable for decision on the parties' written submissions and vacated the hearing set for August 16, 2013.

considered for sentencing purposes in subsequent prosecutions and that various collateral consequences remain as well. Defendant further argues the particular convictions are relevant with respect to various factual allegations made by plaintiff.

Although brought as a motion for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure, the motion is mischaracterized as such, in that it does not, in any manner, concern the issue of discovery. See Fed. R. Civ. P. 26(c) (providing party "from whom discovery is sought may move for a protective order"). Rather, said filing is properly construed as a motion in limine. See Black's Law Dictionary 1109 (9th ed. 2009) (defining "in-limine" motion as one brought "because of an issue about the admissibility of evidence believed by the movant to be prejudicial"). The Court thus need not address at this time the merits of the parties' above-referenced arguments as the motion is premature. If and when plaintiff's claims are tried to a jury, and if plaintiff is concerned that such references to his criminal history are prejudicial, he may raise those concerns at that time by way of a motion in limine. See id. In the interim, however, defendant might consider, with respect to any future filing, whether inclusion of such references is necessary.

Accordingly, plaintiff's motion is hereby DENIED.

Lastly, defendant's request for an order requiring plaintiff to pay the expenses defendant incurred in opposing the instant motion is hereby DENIED, for the reason that plaintiff's motion, as discussed above, is not in actuality a motion for a protective order. See Fed. R. Civ. P. 37(a)(5)(B) (providing, where motion for protective order is denied, movant is entitled to "reasonable expenses incurred in opposing the motion," unless "other circumstances make an award of expenses unjust"),

**IT IS SO ORDERED.**

Dated: August 16, 2013

MAXINE M. CHESNEY
United States District Judge