IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHEN B. TURNER,

    Plaintiff,

v.

DUSTIN TIERNEY,

    Defendant.
_____/

No. C 12-6231 MMC

**ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH; REVOKING IN FORMA PAUPERIS STATUS; DIRECTIONS TO CLERK**

    Before the Court is a Referral Notice issued to this Court by the United States Court of Appeals for the Ninth Circuit, referring the above-titled matter for the limited purpose of determining whether plaintiff-appellant Stephen B. Turner's ("Turner") in forma pauperis status should continue or be revoked. See 28 U.S.C. § 1915(a)(3) (providing "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith"); Coppedge v. United States, 369 U.S. 438, 445 (1962) (holding "'good faith' . . . must be judged by an objective standard"; noting "good faith" is demonstrated when appellant seeks review "of any issue not frivolous"). Having reviewed the file and considered the matter, the Court rules as follows.

    By order filed January 3, 2014, the Court, having been advised that the parties had settled the above-titled action, issued a conditional order of dismissal, by which the Court dismissed the action without prejudice and provided that if any party thereto certified to the

Court within 180 days that the agreed consideration had not been delivered, the order would stand vacated and the action would be restored to the calendar. (See Order of Dismissal, filed Jan. 3, 2014.) On October 20, 2014, Turner filed two motions, a "Request to Vacate the January 3, 2014 Order of Dismissal as Settlement Has Not Executed" and a "Motion to Modify Settlement Agreement." By order filed November 17, 2014, the Court denied both motions as untimely, pointing out the time limitations provided in the conditional order of dismissal and noting the motions were filed "more than nine months" after its entry. (See Order, filed Nov. 17, 2014 at 1-2.)

In his Petition for Writ of Mandamus, construed by the Ninth Circuit as a notice of appeal, Turner contends the Court's November 17, 2014 order was clearly erroneous because "F.R.C.P. 60(c) allows up to one year to vacate an order,"[1] and because "the federal settlement agreement in the underlying case is illegal." (See Petition, filed Nov. 19, 2014 at 7-8.) As set forth below, the Court finds Turner's petition lacks arguable substance in law and fact, and, consequently, is frivolous. See Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984) (holding appeal is frivolous if it lacks "arguable substance in law and fact").

At the outset, the Court observes that Turner never challenged the Court's conditional order of dismissal which, by Turner's "own inaction," became final as of July 3, 2014. See Choy v. Butler's, Inc., 304 F.2d 524 (1962) (affirming dismissal following entry of conditional order of dismissal; noting defendant's failure to seek to reopen within time provided "permitted the order of dismissal to become final").

Next, even construing the motions as having been brought under Rule 60, they are untimely. A party seeking relief under Rule 60(b) must file his motion "within a reasonable time." See Fed. R. Civ. P. 60(c)(1). Here, by his own admission, Turner, as of "mid-January 2014," (see Mot. to Modify Settlement Agrmt. at 3:7), was aware of the reasons

---

[1] Pursuant to Rule 60(c) of the Federal Rules of Civil Procedure, "[a] motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." See Fed. R. Civ. P. 60(c)(1).

1  the settlement had not been executed, but did not file his motions until October 20, 2014,
2  more than nine months after he became aware of those grounds and more than three
3  months after the Court's order of dismissal had become final.
4        Lastly, irrespective of their timeliness, the motions clearly lack merit. Under the
5  terms of the subject settlement, as described by Turner, the defendant agreed to pay to
6  Turner the sum of $3000 and Turner agreed to pay to the State of California the balance of
7  the restitution he owed, a sum of approximately $1700 (see Mot. to Vacate at 2:6-8). In
8  support of both motions, Turner argued that after he was discharged from parole, the
9  defendant lost jurisdiction to collect restitution from him, and, consequently, that he is
10 entitled to a modification by which his obligation to make such payment is removed from
11 the settlement. As defendant pointed out, however, any alteration of Turner's parole status
12 has no bearing on Turner's obligation to make restitution to the state (see Opp'n to Mot. to
13 Modify at 3-4), and, in any event, Turner has cited no authority, and the Court is aware of
14 none, by which a party who, as here, subsequently becomes dissatisfied with the terms of a
15 settlement or other contract is relieved of his obligations thereunder.
16       Accordingly, Turner's in forma pauperis status is hereby REVOKED.
17       The Clerk shall serve a copy of this order on the United States Court of Appeals for
18 the Ninth Circuit.
19       **IT IS SO ORDERED.**

21 Dated: March 13, 2015
                                              MAXINE M. CHESNEY
22                                               United States District Judge